CIRCUIT COURT FOR CECIL COUNTY, MARYLAND
129 East Main Street
Elkton, Maryland 21921
Main: 410-996-1021

**Case Number:** C-07-CV-26-000353
**Other Reference Numbers:**

**NATASHA COLLOVA VS. GREAT WOLF RESORTS, INC., ET AL.**

**Date: 08/28/2026**

The above case has been assigned to the following Civil Track. Should you have any questions concerning your track assignment, please contact the Assignment Office (410-996-1105).

## SCHEDULING ORDER

1. Motions to Dismiss under Rule 2-322(b) are due by…………………….. 09/12/2026
2. Plaintiff's Expert Reports or Rule 2-402(e)(1) Disclosures……………… 12/26/2026
3. Defendant's Expert Reports or Rule 2-402(e)(1) Disclosures………….. 01/25/2027
4. Joinder of Additional Parties Deadline is………………………………… 11/26/2026
5. Discovery must be completed by………………………………………… 02/24/2027
6. All Motions (excluding motions in limine) are due by…………………… 03/11/2027
7. ADR Deadline Date is……………………………………………………. 04/05/2027
8. Settlement Conference is…………………………………………………. 05/26/2027

START TIME 11:00 am

| 8/28/26 | Honorable Brenda A. Sexton |
|---|---|
| Date | Judge |

Postponement Policy No postponements of dates under this order will be approved except for undue hardship or emergency situations. All requests for postponement must be submitted in writing with a copy to all counsel/parties involved. All requests for postponement must be approved by the Judge.

Settlement Conference Failure to attend may result in sanctions by the Court. Attendance of Counsel, who will actually try the case, and the parties is mandatory at the Settlement Conference, unless excused by the Court. When the insurance carrier has given authorization without limitation to settle the case, attendance of counsel only is required. It is mandatory that both counsel who will try the case, the parties, any person or person-officer of the insurance carrier, all members of any committee which must approve a settlement, head of a claim department, or any other person – who has authority without limitation to authorize settlement, attend said conference. Counsel shall complete a written statement as provided under MD Rule 2-504.2(a), and in divorce cases a statement under MD Rule 9-207 not later than five days before said pretrial settlement conference. If case does not settle before or at conference, a trial date will be scheduled.

Special Assistance Needs If you, a party represented by you, or a witness to be called on behalf of that party should need an accommodation under the Americans with Disabilities Act, please contact the Court.

cc: Kylie Tejera Andreozzi And Foote 4503 N. Front Street Harrisburg, Pa 17110
Nathaniel Lucas Foote Andreozzi & Foote, P.c. 4503 North Front Street Harrisburg, Pa 17110
Daniel Trujillo Esmeral O'hagan Meyer, Pllc 225 Reinekers Lane, Suite 300 Alexandria, Va 22314

CIRCUIT COURT FOR CECIL COUNTY, MARYLAND
129 East Main Street
Elkton, Maryland 21921
Main: 410-996-1021

**Case Number: C-07-CV-26-000353**
**Other Reference Number(s):**

**NATASHA COLLOVA VS. GREAT WOLF RESORTS, INC., ET AL.**

# ORDER FOR ALTERNATIVE DISPUTE RESOLUTION

The Court having reviewed this matter, together with the recommendations of the Magistrate at the Scheduling Conference, and the Court having concluded that this case may benefit form alternative dispute resolution (ADR), it is this day by the Circuit Court for Cecil County, **ORDERED**, as follows:

1. Pursuant to Md. Rule 17-201(a), mediation shall occur in this matter **on or before *04/05/2027*.**

2. To conduct the mediation, the court refers this matter to:

**MICHAEL SALLUSTIO**
**1428 GILBERT ROAD**
**ARNOLD, MD 21012**
**(410) 703-3823**
**michael@arundelmediation.com**

3. The parties shall meet with the mediator, and the cost of the mediation shall be divided equally between them. The parties shall participate in one two-hour mediation session.[1] The cost of mediation is $200.00 per party, and failure to attend a mediation session does not excuse payment of the fee for the missed session.

4. **Counsel for the parties shall contact the mediator *on or before 09/21/2026,* to schedule the time and place for mediation. *If the mediator is not contacted by this date, the mediator will set the time and place of the mediation session and inform the parties of the same by first-class U.S. mail.***

5. ***If a settlement is reached in this case prior to the mediation conference, it is the responsibility of counsel for the parties to notify the mediator and to promptly file with the Clerk of Court a consent order or dismissal.***

6. If an objecting party wishes a non-fee for service mediation, it will be that party's responsibility to obtain consent from the other parties as to the proposed mediator and advise the Court in writing, ***on or before 10/13/2026,*** of the scheduled date, time, name and address of the presiding ADR official.

7. Objection; Alternatives.
A) Applicability. This section applies to a referral to ADR other than a non-fee-for-service settlement conference.

**B) Time for Filing. If the court issues an order referring all or part of an action to ADR, a party, within 30 days after entry of the order, may file (A) an objection to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in section (g) of this Rule. If the order delegates authority to an ADR organization to designate an ADR practitioner, the objection, alternative proposal, or "Request to Substitute ADR Practitioner" shall be filed no later than 30 days after the party is notified by the ADR organization of the designation.**

C) Notification of Rights. An order referring all or part of an action to ADR, an order delegating authority to an ADR organization to designate an ADR practitioner, and an announcement of a determination to enter an order referring all or part of an action to ADR shall include the information set forth in subsection (f)(2) of this Rule.

[1] Additional mediation sessions may occur with the consent of the parties and the mediator.

8. All mediation sessions shall be confidential and inadmissible in any proceeding without the consent of the parties, and, in no event shall the mediator give evidence in any proceeding regarding the subject mediation or its contents. **Release of information by the mediator to the Court as to attendance or payment of the mediation fee is not confidential.**

9. **Failure to appear for mediation or failure to pay the mediation fee may subject the offending party to a show cause order that may result in dismissal or judgment against that party.**

10. The parties shall comply with the following requirements:

    A. The parties shall have at least one *bona fide* mediation session. The mediator may advise the Court of the extent to which the parties and counsel did, in fact, participate in the mediation session(s). The mediator shall decide the extent to which counsel may participate in the mediation session(s). Other mediation sessions may be scheduled at the discretion of the parties.

    B. All parties and their counsel, if any, must appear for the mediation session(s), unless counsel is excused by the mediator. If settlement terms must be approved by a claims supervisor, claims committee, government official, or other individual(s), that person(s) must appear at the scheduled mediation session, unless excused by the mediator.

    C. All proceedings at mediation session(s), including any statements made or documents prepared for the session by any party, attorney, or other participant, are privileged and may not be disclosed in any court proceeding and shall not be construed as an admission against interest unless otherwise agreed by all parties. No party shall be bound by the terms of any discussion or actions at the mediation session except to the extent of any terms of a settlement or partial settlement.

    D. The terms of any settlement, partial settlement, stipulation, parenting plan, or other agreement, reached during a mediation session or immediately thereafter, shall be reduced to writing and shall be binding on all parties to the agreement.

11. The mediator shall file the required report with the Clerk, Circuit Court for Cecil County, 129 E Main St, Elkton, MD 21921, ***in writing, within seven (7) days*** **of completion of the required mediation session.**

12. The ADR Coordinator is to notify the Court if no report is filed **on or before 04/12/2027.**

13. The failure of any party or counsel to participate in alternative dispute resolution, as ordered, or to cooperate with the assigned mediator, without having applied for and received a waiver from the Court, may result in sanctions against the offending party and/or counsel. A show cause order will be issued, and a hearing held to determine whether sanctions should be imposed. Sanctions may include dismissal, judgment by default, limitations on evidence to be permitted at trial, and/or monetary sanctions in addition to the costs of mediation, *inter alia*, against any party or those identified in paragraph B above and monetary or other sanctions, *inter alia*, against any counsel.

09/09/2026 2:52:23 PM

09/09/2026 [signature]

Date Judge

Entered: Clerk, Circuit Court for Cecil County, MD
September 9, 2026

**Copies sent 9/9/2026 to:**

Unrepresented Parties
Counsel for all Parties

ADR Coordinator