E-FILED; Cecil Circuit Court
Docket: 9/24/2026 10:38 AM; Submission: 9/24/2026 10:38 AM
Envelope: 28407230

**NATASHA COLLOVA,**
951 Garibaldi Place
Township of Washington, NJ 07676

*Plaintiff,*

v.

~~**GREAT WOLF RESORTS, INC.,**~~
~~350 N. Orleans Street~~
~~Chicago, IL 60654~~

~~**Serve:** Cogency Global, Inc.~~
~~1519 York Road~~
~~Lutherville, MD 21093~~

~~AND~~

~~**GREAT WOLF LODGE OF PERRYVILLE,**~~
~~1240 Chesapeake Overlook Parkway~~
~~Perryville, MD 21903~~

~~**Serve:** Cogency Global, Inc.~~
~~1519 York Road~~
~~Lutherville, MD 21093~~

~~AND~~

**GWR PERRYVILLE, LLC,**
1255 Fourier Drive
Suite 201
Madison, WI 53717

**Serve:** Cogency Global, Inc.
1519 York Road
Lutherville, MD 21093

AND

IN THE

CIRCUIT COURT FOR

CECIL COUNTY,

MARYLAND

Case No. C-07-CV-26-000353

**GREAT LAKES SERVICES, LLC,** *
350 N. Orleans Street *
Suite 10000B *
Chicago, IL 60654 *
*
**Serve:** Cogency Global, Inc. *
1519 York Road *
Lutherville, MD 21093 *
*
AND *
*
**PROSLIDE TECHNOLOGY, INC.,** *
4700 Millenia Boulevard, *
Suite 500 *
Orlando, FL 32839 *
*
**Serve:** BMD ORL SERVICE LLC *
301 East Pine Street *
Suite 500 *
Orlando, FL 32801 *
*
*Defendants*. *

---

**AMENDED COMPLAINT**

**COMES NOW**, Plaintiff Natasha Collova, by and through counsel, Andreozzi + Foote, and files this suit against ~~Defendant Great Wolf Resorts, Inc., Defendant Great Wolf Lodge of Perryville~~, Defendant GWR Perryville, LLC, ~~and~~ Defendant Great Lakes Services, LLC, and ProSlide Technology, Inc. (collectively, "Defendants") requesting a trial by jury, and respectfully alleges as follows:

**PRELIMINARY STATEMENT**

~~1.~~ This action arises from the negligence of ~~Defendant Great Wolf Resorts, Inc. ("Great Wolf~~

~~Resorts"), Defendant Great Wolf Lodge of Perryville ("Great Wolf Lodge of Perryville"),~~ Defendant GWR Perryville, LLC ("GWR Perryville"), ~~and~~ Defendant Great Lakes Services, LLC ("Great Lakes"), and Defendant ProSlide Technology, Inc. ("ProSlide") in the manufacturing, ownership, operation, management, maintenance, supervision, and control of the Mountain Edge Raceway water slide attraction at the Great Wolf Lodge resort and indoor water park in Perryville, Maryland.

2. While lawfully using the attraction as intended on March 19, 2024, Plaintiff sustained serious and permanent injuries as a direct and proximate result of Defendants' negligence.

3. Plaintiff brings this action to recover all damages available under Maryland law resulting from Defendants' negligence.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102(a) and 6-103(b).

5. This Court has subject matter jurisdiction over this action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501.

6. Venue is proper in the Circuit Court for Cecil County pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201, as the cause of action arose out of tortious conduct occurring within this jurisdiction.

## PARTIES

7. Plaintiff is an adult individual and resident of the Township of Washington, New Jersey.

~~8. Great Wolf Resorts is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Chicago, Illinois. Upon information and belief, Great Wolf Resorts owns, operates, directs, controls, and/or exercises authority over the Great Wolf~~

~~Lodge family of resorts, including the Great Wolf Lodge resort and indoor water park located in Perryville, Maryland, through its subsidiaries, affiliates, and related entities.~~

~~9. Great Wolf Lodge of Perryville is a business entity authorized to conduct business in the State of Maryland. At all times relevant hereto, Great Wolf Lodge of Perryville owned, operated, managed, maintained, supervised, and/or controlled the Great Wolf Lodge resort and indoor water park located at 1240 Chesapeake Overlook Parkway, Perryville, Maryland 21093, including the Mountain Edge Raceway water slide attraction.~~

10. GWR Perryville is a limited liability company authorized to conduct business in the State of Maryland. At all times relevant hereto, GWR Perryville owned, operated, managed, maintained, supervised, and/or controlled the Great Wolf Lodge resort and indoor water park located at 1240 Chesapeake Overlook Parkway, Perryville, Maryland 21903.

11. Great Lakes is a limited liability company authorized to conduct business in the State of Maryland. At all times relevant hereto, Great Lakes oversaw, managed, directed, and/or exercised control over GWR Perryville and the Great Wolf Lodge resort and indoor water park located at 1240 Chesapeake Overlook Parkway, Perryville, Maryland 21903.

12. ProSlide is a corporation engaged in the design and manufacture of water ride attractions. At all times relevant hereto, ProSlide designed and manufactured the Mountain Edge Raceway water slide attraction at the Great Wolf Lodge resort and indoor water park in Perryville, Maryland. ProSlide supplied the Mountain Edge Raceway and/or its components, specifications, instructions, warning, and other materials concerning the design, installation, operation, inspection, and maintenance of the attraction.

**<u>FACTUAL ALLEGATIONS</u>**

13. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth

herein.

14. On or about March 19, 2024, Plaintiff was lawfully present as a paying business invitee at the Great Wolf Lodge resort and indoor water park located in Perryville, Maryland.

15. At all times relevant hereto, ~~Defendants~~ GWR Perryville and Great Lakes owned, operated, managed, maintained, supervised, and/or controlled the Great Wolf Lodge resort and indoor water park, including the Mountain Edge Raceway water slide attraction. ProSlide designed and manufactured the Mountain Edge Raceway and supplied the attraction and/or its components for use at the Great Wolf Lodge resort.

16. The Mountain Edge Raceway is a multi-lane, racing-style water slide attraction designed and manufactured by ProSlide that requires riders to descend head-first in the prone position while grasping the handles of a foam racing mat. Riders are instructed to remain in that position throughout the ride.

17. At all times relevant hereto, Plaintiff used the Mountain Edge Raceway in accordance with the posted rider requirements and in the manner intended by Defendants.

18. Plaintiff entered Lane 2 of the Mountain Edge Raceway attraction and began her descent in accordance with the posted rider requirements.

19. While riding the attraction, Plaintiff remained in the required riding position and otherwise used the attraction in a foreseeable and intended manner.

20. As Plaintiff traveled through the attraction, her head struck the upper interior portion of the slide, causing her neck to violently hyperextend and resulted in serious physical injuries.

21. Following the incident, Plaintiff experienced head pain, neck pain, dizziness, and other symptoms requiring medical evaluation and treatment. Plaintiff presented to the emergency department later that same day for evaluation of her injuries.

22. Plaintiff's injury is not the first on the Mountain Edge Raceway attraction.

23. Defendants had actual knowledge of prior guest(s) being injured in a similar fashion on the Mountain Edge Raceway attraction.

24. Despite Defendants' knowledge in this regard, Defendants did not ensure the safety of Plaintiff nor other guests, in ~~willful, wanton, reckless, grossly negligent, and~~ negligent disregard of the risk of injury to Plaintiff and others.

25. As a direct and proximate result of the incident, Plaintiff sustained serious and permanent injuries, incurred significant medical expenses, experienced physical pain, mental anguish, inconvenience, and loss of enjoyment of life, and will continue to suffer such damages into the future.

## CAUSE OF ACTION

## COUNT I
**Negligence**
**(*Against Defendants GWR Perryville, ~~and~~ Great Lakes, and ProSlide*)**

26. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

27. At all times relevant hereto, ~~Defendants~~ GWR Perryville and Great Lakes owed Plaintiff, a business invitee, a duty to exercise reasonable and ordinary care to maintain and operate the Great Wolf Lodge resort and indoor water park, including the Mountain Edge Raceway attraction, in a reasonably safe condition for its intended use. ProSlide, as the designer and manufacturer of the Mountain Edge Raceway, owed Plaintiff a duty to exercise reasonable care in the design, manufacture, testing, inspection, and provision of warnings and instructions concerning the attraction so as not to create an unreasonable risk of harm to foreseeable users.

28. ~~Defendants~~ GWR Perryville and Great Lakes owed Plaintiff a duty to use reasonable care

to inspect, maintain, operate, supervise, and control the Mountain Edge Raceway attraction; to identify and correct dangerous conditions; to warn patrons of dangers of which Defendants knew or should have known through the exercise of reasonable care; and to otherwise protect patrons from unreasonable and foreseeable risks of harm. ProSlide owed Plaintiff a duty to use reasonable to design, manufacture, test, inspect, and provide appropriate warnings and instructions for the Mountain Edge Raceway and to identify and address dangerous conditions associated with the attraction.

29. Defendants breached their duties owed to Plaintiff by, *inter alia*:

a. Failing to maintain the Mountain Edge Raceway attraction in a reasonably safe condition;

b. Failing to properly inspect the Mountain Edge Raceway attraction;

c. Failing to properly operate the Mountain Edge Raceway attraction;

d. Failing to identify, correct, or eliminate dangerous conditions associated with the Mountain Edge Raceway attraction;

e. Failing to adequately warn Plaintiff of dangerous conditions associated with the Mountain Edge Raceway attraction;

f. Failing to adopt, implement, and enforce reasonable policies, procedures, and safety measures for the operation of the Mountain Edge Raceway attraction;

g. Failing to adequately monitor and supervise the operation of the Mountain Edge Raceway attraction;

h. Permitting the Mountain Edge Raceway attraction to remain in an unreasonably dangerous condition despite knowing, or in the exercise of reasonable care should have known, that it posed an unreasonable risk of injury to patrons using the attraction in its intended manner; ~~and~~

i. Failing to design and manufacture the Mountain Edge Raceway in a reasonably safe manner for foreseeable and intended use, including failing to account for the risk of riders' heads striking the interior of the slide;

j. Failing to adequately test and evaluate the Mountain Edge Raceway for foreseeable risks of head, neck, and other injuries associated with the ride's speed, geometry, transitions, and required riding position;

k. Failing to provide adequate warnings, instructions, specifications, or other safety information concerning the risks associated with the Mountain Edge Raceway and the manner in which it was designed and manufactured; and

l. Otherwise failing to exercise reasonable care under the circumstances.

30. As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious, painful, and permanent injuries; incurred medical, hospital, rehabilitation, and other related expenses; experienced physical pain, mental anguish, inconvenience, and loss of enjoyment of life; suffered lost wages and/or diminished earning capacity; and has sustained and will continue to sustain damages in the future.

WHEREFORE, Plaintiff demands judgment against Defendants and seeks damages in excess of seventy-five thousand dollars ($75,000) and all other available relief.

**COUNT II**
**Products Liability**
**(*Against Defendant ProSlide*)**

31. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

32. ProSlide was engaged in the business of designing, manufacturing, supplying, and/or distributing waterslide attractions and related components, including the Mountain Edge Raceway and/or its components.

33. ProSlide designed, manufactured, supplied, and/or placed into the stream of commerce the Mountain Edge Raceway and/or its components for use by members of the public, including Plaintiff.

34. The Mountain Edge Raceway was defective and/or unreasonably dangerous when it left

the possession and/or control of ProSlide.

35. The Mountain Edge Raceway was defective and/or unreasonably dangerous in one or more respects, including, but not limited to:

a. Failing to incorporate a reasonably safe design and/or configuration that would prevent or minimize the risk of a rider's head striking the upper interior portion of the slide during intended and reasonably foreseeable use;

b. Being designed and/or configured in a manner that created an unreasonable risk of serious head, neck, and bodily injury to riders using the attraction in the prescribed head-first, prone position;

c. Failing to adequately account for the foreseeable movement, acceleration, deceleration, positioning, and trajectory of riders traveling through the attraction;

d. Failing to adequately test, evaluate, and/or inspect the design and configuration of the Mountain Edge Raceway for foreseeable risks of injury;

e. Failing to identify and correct dangerous characteristics or conditions associated with the design and/or configuration of the Mountain Edge Raceway;

f. Failing to provide adequate warnings, instructions, specifications, or other safety information concerning the risks associated with the Mountain Edge Raceway, including the risk of a rider striking the upper interior portion of the slide while using the attraction in the prescribed riding position; and

g. Otherwise being designed, manufactured, configured, supplied, and/or placed into the stream of commerce in a condition that was unreasonably dangerous to foreseeable users.

36. The defects and dangerous conditions described herein existed when the Mountain Edge Raceway and/or its components left ProSlide's possession and/or control and/or were otherwise attributable to ProSlide.

37. Plaintiff was a foreseeable user of the Mountain Edge Raceway and used the attraction in the manner intended, instructed, and reasonably foreseeable by ProSlide and the other Defendants.

38. Plaintiff did not misuse the Mountain Edge Raceway. Plaintiff entered Lane 2 and

proceeded through the attraction in the prescribed head-first, prone position while grasping the handles of the foam racing mat.

39. While using the Mountain Edge Raceway in this intended and reasonably foreseeable manner, Plaintiff's head struck the upper interior portion of the slide, causing her neck to violently hyperextend and resulting in serious physical injuries.

40. The defective and/or unreasonably dangerous condition of the Mountain Edge Raceway and/or its components was a direct and proximate cause of Plaintiff's injuries and damages.

41. The Mountain Edge Raceway and/or its components reached Plaintiff without substantial change in the condition relevant to the defects and dangerous conditions alleged herein.

42. ProSlide knew or should have known that the Mountain Edge Raceway would be used by members of the public in the manner in which Plaintiff used the attraction and knew or should have known of the risks reasonably associated with its design, configuration, manufacture, testing, and/or use.

43. Plaintiff's injury is not the first injury associated with the Mountain Edge Raceway attraction, and prior users have sustained injuries in a similar manner.

44. Upon information and belief, ProSlide had actual or constructive knowledge of prior incidents, complaints, injuries, or other information concerning the safety and/or operation of the Mountain Edge Raceway and the risks associated with its design and configuration.

45. ProSlide failed to adequately design, manufacture, test, evaluate, inspect, supply, and/or provide appropriate warnings and instructions concerning the Mountain Edge Raceway, thereby placing into the stream of commerce an attraction that was defective and/or unreasonably dangerous to foreseeable users.

46. As a direct and proximate result of the defective and/or unreasonably dangerous condition

of the Mountain Edge Raceway, Plaintiff sustained serious, painful, and permanent injuries; incurred medical, hospital, rehabilitation, and other related expenses; experienced physical pain, mental anguish, inconvenience, and loss of enjoyment of life; and has sustained and will continue to sustain damages in the future.

WHEREFORE, Plaintiff demands judgment against Defendant ProSlide in an amount in excess of seventy-five thousand dollars ($75,000), together with all other damages and relief available under Maryland law.

**RULE 20-201 CERTIFICATE**

I HEREBY CERTIFY that this filing does not contain any restricted information.

Respectfully Submitted,

**ANDREOZZI + FOOTE**

DATE: September 24, ~~July 23,~~ 2026

***/s/ Kylie E. Tejera***__________________

Kylie Tejera, Esq., AIS No. 2211290222
Nathaniel Foote, Esq., AIS No. 2402231005
4503 N. Front Street,
Harrisburg, Pennsylvania 17110
T: (717) 525-9124 | F: (717) 525-9143
kylie@vca.law | nate@vca.law

*Attorneys for Plaintiff*

**IN THE CIRCUIT COURT OF MARYLAND**
**FOR CECIL COUNTY**

| | | |
|---|---|---|
| **NATASHA COLLOVA,** | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | Case No. |
| v. | * | |
| | * | |
| **GREAT WOLF RESORTS, INC.,** ***et al.,*** | * | |
| | * | |
| *Defendants.* | * | |

**JURY DEMAND**

**COMES NOW**, Plaintiff Natasha Collova, by and through counsel, Andreozzi + Foote, and requests that this case be tried with the assistance of a jury.

Respectfully Submitted,

**ANDREOZZI + FOOTE**

DATE: September 24, ~~July 23,~~ 2026

***/s/ Kylie E. Tejera*** ______________________

Kylie Tejera, Esq., AIS No. 2211290222
Nathaniel Foote, Esq., AIS No. 2402231005
4503 N. Front Street,
Harrisburg, Pennsylvania 17110
T: (717) 525-9124 | F: (717) 525-9143
kylie@vca.law | nate@vca.law

*Attorneys for Plaintiff*