E-FILED; Cecil Circuit Court
Docket: 8/28/2026 2:18 PM; Submission: 8/28/2026 2:18 PM
Envelope: 28029891

**IN CIRCUIT COURT OF MARYLAND FOR CECIL COUNTY**

| | | |
|---|---|---|
| **NATASHA COLLOVA,** | ) | |
| *Plaintiff,* | ) | **Case No. C-07-CV-26-000353** |
| **v.** | ) | |
| **GWR PERRYVILLE, LLC, *et al.*,** | ) | |
| ***Defendants.*** | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants GWR Perryville, LLC ("GWR") and Great Lakes Services, LLC ("Great Lakes")(hereinafter collectively "Defendants"), by and through counsel, O'HAGAN MEYER, PLLC and SPECTOR GADON ROSEN VINCI P.C., hereby answer Plaintiff's Complaint as follows:

**GENERAL DENIAL:**

Pursuant to Maryland Rule 2-323(d), Defendants deny generally each allegation as set forth in the Complaint and demand strict proof thereof.

**AFFIRMATIVE DEFENSES:**

**FIRST DEFENSE**

Defendants state that some or all of the allegations set forth in the Complaint fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendants state that the Plaintiff's claims may be barred due to the Plaintiff's sole and/or contributory negligence, which defense is asserted pursuant to Rule 2-323(g)(5).

**THIRD DEFENSE**

Defendants state that the Plaintiff's alleged injuries and/or damages, if any, are due to the actions or omissions of other individuals, including but not limited to those of Plaintiff, over which Defendants had no control and for whom Defendants are not legally responsible.

**FOURTH DEFENSE**

Plaintiff lacks authority and/or capacity to sue.

**FIFTH DEFENSE**

Defendants state that the alleged injuries and/or damages, if any, are due to a naturally occurring disease process or ongoing medical condition for which GWR is not and may not be legally responsible.

**SIXTH DEFENSE**

Any acts or omissions which Plaintiff alleges on the part of Defendants and/or their employees, agents, and/or servants are not substantial or proximate cause or factor of the injuries/damages referred to and identified in Plaintiff's Complaint.

**SEVENTH DEFENSE**

That at all times applicable hereto, Defendants and/or their employees, agents, and/or servants acted in a reasonable, proper, prudent manner and in accordance with the applicable standards of care.

**EIGHTH DEFENSE**

Plaintiff has suffered no damages/injuries/losses, and in the alternative, if, in fact, Plaintiff has sustained any damages/injuries/losses, Plaintiff has failed to minimize, mitigate, or avoid any alleged loss or damage, or to take all reasonable steps to prevent further damage/injuries/losses, or to mitigate any damages/injuries/losses arising there from.

**NINTH DEFENSE**

Plaintiff's claim against Defendants fail in whole or in part because Plaintiff's alleged damages were not proximately caused by Defendants' conduct.

**TENTH DEFENSE**

The alleged injuries and/or damages, if any, the Plaintiff claims to have suffered were caused or made worse by intervening and/or superseding events that occurred before and/or after the alleged negligence described in the Complaint, for which Defendants are not legally responsible.

**ELEVENTH DEFENSE**

The alleged injuries and/or damages, if any, are due to the actions or omissions of third parties who are not named in the Complaint, for whom Defendants are not legally responsible.

**TWELFTH DEFENSE**

Plaintiff's cause of action, if any, may be barred in whole or in part by the applicable statute of limitations.

**THIRTEENTH DEFENSE**

The Plaintiff's injuries and/or damages, if any, are due to the actions or omissions of third parties who are not the agents of Defendants.

**FOURTEENTH DEFENSE**

The causes of action, if any, may be barred by the doctrines of collateral estoppel, waiver and/or res judicata, which defenses are asserted pursuant to Rules 2-323(g)(4) and (18), and (13) respectively.

**FIFTEENTH DEFENSE**

The causes of action, if any, may be barred by the doctrine of accord and satisfaction.

**SIXTEENTH DEFENSE**

At all times applicable hereto, Defendants complied with the standard of care of reasonable competent practitioners acting under the same or similar circumstances.

**SEVENTEENTH DEFENSE**

The causes of action, if any, may be barred by the doctrine of failure of a condition precedent, payment and/or release.

**EIGHTEENTH DEFENSE**

Any certificate of Qualified Expert and/or Report filed by Plaintiff is or has been untimely filed and is insufficient in law and/or fact and otherwise fails to meet the condition precedents, as set forth in Maryland Code.

**NINETEENTH DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's action.

**TWENTIETH DEFENSE**

Defendants did not commit the wrongs alleged by Plaintiff.

**TWENTY-FIRST DEFENSE**

The Plaintiff's injuries and/or damages, if any, were the result of unavoidable accident.

**TWENTY-SECOND DEFENSE**

Recovery for non-economic damages is limited to the amount in Md. Code Ann. Cts. & Jud. Proc. § 3-2A-09.

**TWENTY-THIRD DEFENSE**

Defendants assert the statute of limitations, pursuant to Rule 2-323(g)(15) as a complete defense to any attempt by plaintiff to amend the Complaint and/or name new defendants or assert new claims against Defendants at any later date.

**TWENTY-FOURTH DEFENSE**

Defendants did not create any dangerous condition as alleged, or as may be alleged, by Plaintiff.

**TWENTY-FIFTH DEFENSE**

Defendants were not on notice, either actual of constructive, of the condition alleged, or as may be alleged, by Plaintiff.

**TWENTY-SIXTH DEFENSE**

The injuries and damages claimed by Plaintiff were caused by an Act of God and, thus, Defendants cannot be held liable for same.

**TWENTY-SEVENTH DEFENSE**

The condition complained of by Plaintiff was not known to, or reasonably discoverable by, Defendants.

**TWENTY-EIGHTH DEFENSE**

The injuries and damages complained of by Plaintiff in the Complaint were not proximately caused by any action, or inaction, of Defendants.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims were the result of the culpable conduct of others and/or a superseding and/or intervening cause.

**THIRTIETH DEFENSE**

Defendant deny notice of any alleged dangerous or hazardous condition and deny the duty and/or opportunity to remedy same.

**THIRTY-FIRST DEFENSE**

Plaintiff has failed to join an indispensable party.

**THIRTY-SECOND DEFENSE**

Plaintiff assumed the risk of accident and/or injury, which defense Defendants assert pursuant to Rule 2-323(g)(3).

**THIRTY-THIRD DEFENSE**

Plaintiff's claims are barred by the applicable Doctrine of Laches, which defense Defendants assert pursuant to Rule 2-323(g)(10).

**THIRTY-FOURTH DEFENSE**

Plaintiff has failed to mitigate her damages.

**THIRTY-FIFTH DEFENSE**

Defendants assert the defense of estoppel herein, pursuant to Rule 2-323(g)(7).

**THIRTY-SIXTH DEFENSE**

Defendants assert the defense of fraud herein, pursuant to Rule 2-323(b)(8).

**THIRTY-SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by an existing statutory or common law immunity or limitations of liability arising in favor of Defendants.

**THIRTY-EIGHTH DEFENSE**

Defendants complied with all applicable Maryland regulations, laws, rules, and standards, as well as industry standards, with regard to the attraction at issue herein and, thus, cannot be held liable to Plaintiff herein.

**THIRTY-NINTH DEFENSE**

Defendants assert as defenses failure to state a claim upon which relief can be granted regarding paragraphs 23, and 28(e), 28(h), and 28(i).

**FORTIETH DEFENSE**

Defendants reserve the right to supplement this Answer with additional defenses during the litigation of this case.

**FORTY-FIRST DEFENSE**

Defendants hereby reserve the right to assert any and all such other defenses and objections as continuing investigation and discovery may disclose.

**FORTY-SECOND DEFENSE**

Defendants will rely upon all defenses lawfully available to them, including, but not limited to, those already asserted herein.

WHEREFORE, GWR Perryville, LLC and Great Lakes Services, LLC deny liability and asks the Court to enter judgement in their favor on all claims and award to them their fees and costs together with such other equitable relief that the Court deems fair and just.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Daniel Trujillo Esmeral*
Daniel Trujillo Esmeral (AIS # 1912180185)
O'Hagan Meyer, PLLC
225 Reinekers Lane, Suite 300
Alexandria, VA 22314
Telephone: (703) 775-8621
Facsimile: (804) 237-0250
Email: dtrujillo@ohaganmeyer.com

Heather Eichenbaum (*Special Admission pending*)
Spector Gadon Rosen Vinci P.C.
One Logan Square, Suite 1800
130 N. 18th Street
Philadelphia, PA 19103
Telephone: (215) 241-8856
Facsimile: (215) 531-9129
Email: heichenbaum@sgrvlaw.com
*Counsel for GWR Perryville, LLC*
*and Great Lakes Services, LLC*

**IN CIRCUIT COURT OF MARYLAND FOR CECIL COUNTY**

| | | |
|---|---|---|
| **NATASHA COLLOVA,** | ) | |
| *Plaintiff*, | ) | **Case No. C-07-CV-26-000353** |
| v. | ) | |
| **GWR PERRYVILLE, LLC,** ***et al.***, | ) | |
| ***Defendants.*** | ) | |

**DEMAND FOR JURY TRIAL**

COME NOW the Defendants GWR Perryville, LLC ("GWR") and Great Lakes Services, LLC ("Great Lakes"), by and through counsel, O'HAGAN MEYER, PLLC, and pursuant to Maryland Rule 2-504.3 hereby each demand a trial by jury on all issues and counts raised herein.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Daniel Trujillo Esmeral*
Daniel Trujillo Esmeral (AIS # 1912180185)
O'Hagan Meyer, PLLC
225 Reinekers Lane, Suite 300
Alexandria, VA 22314
Telephone: (703) 775-8621
Facsimile: (804) 237-0250
Email: dtrujillo@ohaganmeyer.com

Heather Eichenbaum
(*Special Admission pending*)
Spector Gadon Rosen Vinci P.C.
One Logan Square, Suite 1800
130 N. 18th Street
Philadelphia, PA 19103
Telephone: (215) 241-8856
Facsimile: (215) 531-9129
Email: heichenbaum@sgrvlaw.com

*Counsel for GWR Perryville, LLC and Great Lakes Services, LLC*

**IN CIRCUIT COURT OF MARYLAND FOR CECIL COUNTY**

| | | |
|---|---|---|
| **NATASHA COLLOVA,** | ) | |
| ***Plaintiff,*** | ) | **Case No. C-07-CV-26-000353** |
| **v.** | ) | |
| **GWR PERRYVILLE, LLC, *et al.,*** | ) | |
| ***Defendants.*** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, true copies of the foregoing were filed and served via MDEC and via electronic mail on:

Kylie Tejera, Esquire
Andreozzi & Foote
4503 N. Front Street
Harrisburg, PA 17110
kylie@vca.com
*Counsel for Plaintiff*

*/s/ Daniel Trujillo Esmeral*
Daniel Trujillo Esmeral, Esq.